UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL LEE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY JAIL, TUOLUMNE COUNTY DA, TUOLUMNE COUNTY SUPERIOR COURT, AND SGT. N. ROHR,<br><br>Defendants. | Case No. 1:25-cv-00359-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VOID ORDERS[1]<br><br>(Doc. No. 11) |

Plaintiff Nathaniel Smith—a pretrial detainee—has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, which is currently pending before the Court. (Doc. No. 1, "Complaint"). Plaintiff seeks to proceed in this action *in forma pauperis*.

On March 31, 2025, the former magistrate judge entered an order vacating in part its March 28, 2025 Order granting Plaintiff *in forma pauperis* status, but only to the limited extent that it granted Plaintiff sixty (60) days in which to file his six-month inmate trust fund account statement; and required Plaintiff instead to file the six-month statement in thirty (30) days. (Doc. No. 5). On April 24, 2025, the undersigned denied Plaintiff's motion to vacate the March 31, 2025 order and directed Plaintiff to submit a certified copy of his inmate trust account statement

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1 for the six-month period immediately preceding the filing of the complaint, as required by 28
2 U.S.C. § 1915(a)(2).  (Doc. No. 10).

3     On May 12, 2025, Plaintiff filed the instant motion objecting to both the previous
4 magistrate judge's March 31, 2025 order and the undersigned's April 24, 2025 order.  (Doc. No.
5 11).  Plaintiff seeks to "void" both orders on the basis that the magistrate judges have "no
6 jurisdiction" in his case because he did not consent to magistrate judge jurisdiction.  (*Id*. at 2).
7 Plaintiff further avers that the court "is required to waive the filing fee." (*Id*. at 4).  The Court
8 denies the motion for the reasons explained below.

9     "Congress intended magistrate to play an integral and important role in the federal judicial
10 system" and enacted the Federal Magistrate Judges Act to improve the effective administration of
11 justice.  *Peretz v. United States*, 501 U.S. 923, 928 (1991).  The Federal Magistrate Act, 28
12 U.S.C. §§ 631-39, governs magistrate judges' jurisdiction and authority. *See* 28 U.S.C. § 636.
13 The Act provides that specific matters—for example, non-dispositive pretrial matters—may be
14 referred to a magistrate judge for decision.  *Id*., § 636(b)(1)(A).  In contrast, certain other
15 matters—such as case-dispositive motions (including motions for injunctive relief, summary
16 judgment, or failure to state a claim) and petitions for writs of habeas corpus—may be referred
17 only for evidentiary hearings and for proposed findings and recommendations. *Id*., §
18 636(b)(1)(A), (B).  The Act also permits magistrate judges to be "assigned such additional duties
19 as are not inconsistent with the Constitution and laws of the United States." *Id*., § 636(b)(3).  And
20 "[e]ach district court shall establish rules pursuant to which the magistrate judges shall discharge
21 their duties." *Id*., § 636(b)(4).  This Court's Local Rules 300 through 399 govern the discharge of
22 duties by magistrate judges.  Local Rule 300 (E.D. Cal. 2025).  Specifically, Local Rule
23 302(c)(17) refers all actions brought by a person in custody to magistrate judges.

24     Plaintiff is correct that he did not consent to magistrate judge jurisdiction.  Nonetheless,
25 the former magistrate judge's March 31, 2025 order and the undersigned's April 24, 2025 order
26 concern pretrial, non-dispositive matters and are therefore appropriately addressed by the
27 assigned magistrate judge.  Neither order is dispositive of any matter before the Court and each
28 simply seeks to obtain additional information necessary to determine whether Plaintiff is to be

assessed an initial filing fee based on deposits to his inmate trust account. Only upon receipt of this information would the dispositive nature of Plaintiff's application be implicated. In other words, if, upon receipt of the additional information from Plaintiff, the undersigned determines that Plaintiff is not entitled to proceed *in forma pauperis*, the undersigned would then issue the appropriate findings and recommendations to vacate Plaintiff's *in forma pauperis* status for consideration by the assigned district judge. Simply put, each order is a non-dispositive pretrial order because neither seeks to adjudicate or otherwise dispose of Plaintiff's claims. Thus, the orders are not void and are within this Court's jurisdiction to issue.

Additionally, Plaintiff's contention that the Court is required to waive the filing fee is incorrect. To the contrary, Section 1915 of Title 28 of the United States Code—the Prison Litigation Reform Act ("PLRA")—applies here and states that "any court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit." 28 U.S.C. § 1915(a)(1). However, the statute provides that a "prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." *Id*., § 1915(a)(2). Further, the statute provides: "Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." *Id*., § 1915(b)(1). Thus, while a prisoner-plaintiff may commence an action without prepayment of the filing fee, the prisoner-plaintiff remains obligated to pay the full filing fee over time.

Indeed, proceeding *in forma pauperis* is a privilege, not a right. *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965); *see also Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (stating "IFP status is not a constitutional right"). Moreover, partial filing fees have been consistently upheld on the grounds that reasonable costs may be imposed on persons who want to

1  sue in federal court. *Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) (upholding the
2  imposition of partial filing fees on IFP plaintiffs). The PLRA provision requiring a prisoner to
3  pay twenty percent of his monthly income toward filing fees does not impose an unreasonable
4  burden on a prisoner's constitutional right of access to the courts. *Hendon v. Ramsey*, 478
5  F.Supp.2d 1214, 1219-20 (S.D. Cal. 2007). Furthermore, the governing statute directs courts to
6  impose an initial filing fee when an inmate has sufficient deposits in his trust account. *See* 28
7  U.S.C. § 1915(b)(1) (requiring an initial filing fee of 20% of the greater of the average monthly
8  deposits or the average monthly balance for the preceding six-month period).

9        This Court has broad discretion in ruling on motions to proceed *in forma pauperis* in civil
10 actions, particularly in civil rights cases brought by prisoners. *Torres v. Garcia*, 444 F.2d 537
11 (9th Cir. 1971). Moreover, a court may make factual inquiries when determining whether an
12 individual qualifies for *in forma pauperis* status. *See, e.g.*, *United States v. McQuade*, 647 F.2d
13 938, 940 (9th Cir. 1981). And the court is not able to assess whether an inmate is entitled to
14 proceed in forma pauperis or whether the inmate is required to pay an initial filing fee based on
15 his deposits without the inmate providing a copy of his six-month inmate account.

16       Here, Plaintiff was directed to provide additional information to determine whether he is
17 entitled to proceed *in forma pauperis* and whether the Court is required to assess an initial filing
18 fee. Specifically, the undersigned's April 24, 2025 order instructed Plaintiff to "submit a certified
19 copy of the inmate trust account statement for the six-month period immediately preceding the
20 filing of the complaint." (Doc. No. 10 at 2). The order and its directive are appropriate. 28
21 U.S.C. § 1915; *Olivares*, 59 F.3d at 111; *Lumbert*, 827 F.2d at 259; *McQuade*, 647 F.2d at
22 940; *Smart*, 347 F.2d at 116; *Hendon*, 478 F.Supp.2d at 1219-20. Therefore, Plaintiff's motion is
23 denied, and he will be directed to comply with the Court's April 24, 2025 order.

24       Accordingly, it is hereby ORDERED:

25     1. Plaintiff Motion to Void Court Orders (Doc. No. 11) is DENIED.

26     2. Plaintiff SHALL comply with this Court's April 24, 2025 order **within fourteen (14)**
27        **days** of the date of service of this Order

28     3. Plaintiff is cautioned that the Court cannot proceed with screening his complaint under

28 U.S.C. § 1915A until he complies with the April 24, 2025 Order.

4. Plaintiff is advised that failure to comply with this Order may result in a recommendation that this action be dismissed, without prejudice, for failure to obey court orders and failure to prosecute.

Dated: July 8, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5