UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL LEE SMITH, | Case No.  1:25-cv-00359-JLT-HBK (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS CASE[1] |
| v. | (Doc. 20) |
| TUOLUMNE COUNTY JAIL, et al., | FOURTEEN-DAY OBJECTION PERIOD |
| Defendants. | |

Pending before the court for screening under 28 U.S.C. § 1915A is the pro se civil rights First Amended Complaint filed under 42 U.S.C. § 1983 by Nathaniel Smith—a pretrial detainee. (Doc. 20).  For the reasons set forth below, the undersigned recommends the district court dismiss the First Amended Complaint for failure to state a claim without further leave to amend and direct the Clerk to close this case.

SCREENING REQUIREMENT

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, inter alia, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant.  28 U.S.C. § 1915A.  This requires the court to identify any cognizable claims and

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2025).

dismiss the complaint, or any portion, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To satisfy this plausibility standard, however, Rule 8 does not require a plaintiff to submit evidence of the claim at the pleading stage. *Berk v. Choy*, 607 U.S. __ at 3 (2026).

If an otherwise deficient pleading can be remedied by alleging other facts, a *pro se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the court to advise a *pro se* litigant on

2

how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.  Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . . ." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

BACKGROUND AND SUMMARY OF OPERATIVE COMPLAINT

Plaintiff, a pre-trial detainee proceeding pro se and *in forma pauperis*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 on March 26, 2025.  (Doc. 1).  On July 23, 2025,[2] the court screened Plaintiff's complaint and found that it failed to state any cognizable constitutional claim.  (*See* Doc. 18).  The court advised Plaintiff of the pleading deficiencies and applicable law and afforded Plaintiff the opportunity to file an amended complaint.  (*Id.*).  Plaintiff timely filed a First Amended Complaint on August 25, 2025.  (Doc. 20, "FAC").

Plaintiff includes the names of various state court judges throughout his FAC, but specifically identifies the following individuals as Defendants:

(1) Sergeant Matyshock, California Highway Patrol ("CHP");

(2) Officer Pullen, CHP;

(3) Sergeant Rogers, Tuolumne County Sheriff's Office ("TCSO");

(4) Cassandra Jenecke, Tuolumne County District Attorney;

(5) Harry Elias, Judge (retired), Tuolumne County Superior Court; and

(6) John and Jane Doe.

(Doc. 20 at 3-4).[3]  Plaintiff sues "all Defendants" in both their individual and official capacities.  (*Id.* at 4).  Plaintiff qualifies this statement by adding "Judges and DA only declarational [sic] ruling that they acted in violation of constitutional law."[4] (*Id.*).  Although not listed under

---

[2] The Court awaited screening of the Complaint pending resolution of Plaintiff's appeal to the Ninth Circuit Court of Appeals.  (Docs.  12, 17).

[3] The Court cites to the page numbers as reflected on the Court's Management Electronic Case Filing system.

[4] In an abundance of caution, the court construes these conflicting statements as Plaintiff seeking both monetary damages and declaratory relief against the state judges and district attorney.

Defendants, consistent with Plaintiff suing 'all" Defendants in both their individual and official capacities, Plaintiff identifies the following entities as Defendants on the caption of his FAC:

> (1) Tuolumne County Sheriff;
>
> (2) Tuolumne County DA;
>
> (3) Superior Court of Cali, Tuolumne; and
>
> (4) California Highway Patrol.

(*Id*. at 1).  The FAC asserts violations of Plaintiff's First Amendment right to freedom of expression, Sixth Amendment right to a speedy trial, Eighth Amendment right to affordable bail, and Article VI, Clause 2 of the United States Constitution, the Supremacy Clause.  (*Id*. at 4).

Liberally construed, the FAC alleges that various county and state officials, including prosecutors, judges, and law enforcement officers, conspired to arrest and prosecute Plaintiff for comments he made on a podcast.  In support, Plaintiff points to various court orders issued by different state court judges over a  one year period that, *inter alia*, affected Plaintiff's custody rights and child support payments and eventually resulted in his arrest and current pre-trial detention.  (*See generally*, Doc. 20 at 5-9).  The FAC contains cryptic and vague allegations. Nonetheless, the court accepts the following facts alleged as true.

On November 2, 2023, Defendant Sergeant Rogers contacted Sergeant Matyshock to advise him that unidentified county judges had expressed "concerns" with comments Plaintiff had made in a news article and on his podcast regarding a Maryland judge who was shot after taking a child and a home away from a father. (Doc. 20 at 5).  Plaintiff does not specify his exact comments.  (*Id.*).  At some unspecified point afterwards, "CHP, TSO, state court judges, and district attorneys" started a "campaign of harassment" against Plaintiff because of the statements he made on his podcast.  (*Id*).  Plaintiff describes the harassment as unidentified CHP officers attending Plaintiff's family court proceedings and unidentified TCSO officers calling him in connection with an investigation regarding "false claims" that Plaintiff had abused his son.  (*Id.*).

Subsequently, on February 2, 2024, (non-defendant) Judge Hallie Campbell from the Tuolumne County Superior Court took away Plaintiff's custody and visitation rights to his son based on a "false 'at home' drug test.'"  (*Id.* at 5-6).  Judge Campbell was later disqualified from

4

Plaintiff's case. (*Id.* at 6).

In March of 2024, (non-defendant) Judge Beyersdorf was reassigned to Plaintiff's family law case and issued child support orders against Plaintiff that were "a gross overcharge." (*Id.*). Judge Beyersdorf was disqualified from the case due to engaging in an inappropriate personal relationship with the mother of Plaintiff's child. (*Id.*).

On May 17, 2024, Plaintiff filed a federal suit against 25 parties, including state judges claiming violations of his First and Fourteenth Amendment rights concerning his child-custody case. (*Id.* at 7).[5]

In July 2024, (non-defendant) Judge Siebert assumed "all" of Plaintiff's state cases. (*Id.*). Judge Siebert denied Plaintiff's motions for disqualification and for change of venue, despite Judge Siebert being named in Plaintiff's other federal action. (*Id.*).

On August 1, 2024, Plaintiff was arrested at the Tuolumne County courthouse pursuant to an arrest warrant issued by (non-defendant) Judge Beyersdorf. (*Id.*). Judge Beyersdorf issued the arrest warrant for Plaintiff's violation of an allegedly illegal restraining order. (*Id.*). Plaintiff was arrested by eight officers and held for 12 hours after his arrest on the warrant. (*Id.* at 8).

Plaintiff continued to post about the alleged "corruption" in Tuolumne County on his podcast, "Fatherly Freedom." (*Id.*). On January 1, 2025, Plaintiff was arrested based on allegations he threatened a judge and stalked various individuals that he named in his other federal action. (*Id.*). Defendant Judge Harry Elias denied bail pending his trial of these charges. (*Id.*).

Plaintiff asks, "for a preliminary injunction of all his criminal charges," "release" from pretrial detention, the return of all his unspecified equipment, $200,000.00 for the loss of equity in his home, $18,000.00 for his truck that was repossessed, and a declaration that "the Judges and DA acted unconstitutionally" and their impeachment. (*Id.* at 11). Additionally, Plaintiff requests the Court to refer this case to a higher court if it cannot grant him his requested relief. (*Id.*).

////

////

---

[5] The Court takes judicial notice of Case No. 1:24-cv-00592-KES-BAM. ("Plaintiff's other federal action").

APPLICABLE LAW AND ANALYSIS

    1.  Governmental Immunity

"Governmental parties to a suit may claim not only immunity from liability, but immunity from the suit itself."  *Gibson v. City of Portland*, 165 F.4th 1265, 1275 (9th Cir. 2026).  Because governmental immunities are immunities from suit, and are "conceptually distinct from the merits of the plaintiff's claim," *Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985), the question of immunity should be determined "at the earliest possible stage in litigation" and "long before trial," *Hunter v. Bryant*, 502 U.S. 224, 227, 228 (1991) (per curiam).  This is consistent with statutory mandates of 28 U.S.C. § 1915A (b)(2) and § 1915(e)(2)(ii) that the court sua sponte screen out complaints where defendants are entitled to immunity.

Here, several of the named Defendants, as well as the state judges mentioned in the body of the FAC, are entitled to absolute or sovereign immunity:

    A.  State Court Judges

To the extent Plaintiff seeks monetary relief against any of the state court judges, judges are absolutely immune from civil liability for acts performed in their judicial capacity, even if such acts are alleged to have been done maliciously, in error, or in excess of jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).  The test for judicial immunity turns on the nature of the act, not the correctness of the decision or the motives of the judge.  *Stump*, 435 U.S. at 362.

Plaintiff specifically names Judge Elias as a Defendant who denied him bail pending his trial on his underlying state charges.  Plaintiff also complains in the body of his FAC that Judge Campbell terminated his custody rights; Judge Beyersdorf "gross[ly] overcharged" Plaintiff for child support, improperly issued a restraining order and an arrest warrant for him; and Judge Siebert, after assuming Plaintiff's state cases, refused to disqualify himself or grant his motion for change of venue.  (Doc. 20 at 6-8).  These actions by each of these state court judges are quintessential judicial acts.  Even assuming Plaintiff's allegations of bias or improper personal relationships are true, such claims do not overcome judicial immunity.  *See Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously

6

and corruptly."). Therefore, any claims for monetary relief against Judges Campbell, Elias, Beyersdorf, and Siebert are barred.

Furthermore, in addition to judicial immunity, "state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment." *Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 981 (9th Cir. 2024). Finally, the *Ex Parte Young* exception "does not normally permit federal courts to issue injunctions against state-court judges." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). Thus, Plaintiff's claims against the state court judges are subject to dismissal.

### B. District Attorney

Similarly, to the extent Plaintiff seeks monetary damages against Cassandra Jenecke, Tuolumne County District Attorney, she is entitled to immunity for actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). This includes initiating prosecutions, presenting evidence, and appearing in court. *See Kalina v. Fletcher*, 522 U.S. 118, 125–29 (1997); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) (en banc). "A prosecutor has absolute immunity for the decision to prosecute ... [and] the decision not to prosecute." *Roe v. City & Cnty. of S.F.*, 109 F.3d 578, 583 (9th Cir. 1997) (citations omitted). Additionally, "the prosecutor's motivation is irrelevant to the immunity inquiry, even if [ ] the motivation was unconstitutional." *Gibson*, 165 F.4th at 1281. However, claims that a prosecutor acted as a complaining witness or fabricated evidence may fall outside the scope of absolute immunity if the prosecutor personally attested to facts in an affidavit. *See Kalina*, 522 U.S. at 129–31.

The FAC contains no allegations that Defendant Jenecke or any other prosecutor personally executed a sworn statement or affidavit. (*See* Doc. 20). Indeed, other than listing Jenecke under the list of Defendants, the FAC does not contain allegations against Jenecke. Thus, the FAC fails to allege any viable claim against District Attorney Jenecke under Rule 8. And even if the FAC contained allegations against District Attorney Jenecke stemming from Plaintiffs' current prosecution, which he believes to be fraudulent, such allegations would fall within the scope of prosecutorial functions and be protected by prosecutorial immunity. *See Van*

*de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (supervisory decisions related to trial preparation are protected); *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009) (charging decisions are immune). Thus, Plaintiff's FAC is subject to dismissal against Defendant Jenecke.

### C. Official Capacity Claims and State Agencies

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999); *see also Fireman's Fund Ins. Co. v. City of Lodi*, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies.").

Plaintif's claims against the Tuolumne County Superior Court are subject to dismissal "because the Superior Court of California has sovereign immunity as an arm of the state." *Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024). Similarly, Plaintiff claims against Sergeant Matyshock and Officer Pullen in their official capacity and his claims against the California Highway Patrol are also subject to dismissal. "[W]hen state officials are named in their official capacities . . . the action is deemed against the state." *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Thus, any claims against Defendant Sergeant Matyshock and Officer Pullen in their official capacity, and any claim against the California Highway Patrol, are barred by the Eleventh Amendment.

### 2. Rule 8's Plausibility Standard

To prevail on a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish either the defendant's personal involvement in the constitutional

8

deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).   Further, while Rule 8's pleading standard "does not require detailed factual allegations, [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

### A.  No Causal Connection

As noted above, the FAC is completely devoid of any factual allegations relating to Defendant Jenecke.  The FAC is also silent as to California Highway Patrol Officer Pullen.  (*See* Doc. 20).  Other than listing these individuals as Defendants, their names do not appear elsewhere in the FAC.  While Plaintiff attributes a "campaign of harassment" to "CHP, TCSO, State Judges, and District Attorneys," (Doc. 20 at 5), these allegations are not specific to any particular defendant, let alone Officer Pullen or Defendant Jenecke.  Further, this single allegation, in addition to being vague, is wholly conclusory and insufficient to state a claim.  While factual allegations are accepted as true, legal conclusions are not.  *Id*.; *see also Twombly*, 550 U.S. at 556–557.  Therefore, the FAC fails to state any claim against Defendant Officer Pullen or Jenecke.

The FAC suffers the same fate as to "John and Jane Doe – TBD."  (Doc. 20 at 4). Plaintiff lists John and Jane Doe under his list of Defendants but the use of either term is absent from the body of the FAC.  Moreover, "the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted).  While "situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint," *id.*, a plaintiff must plead sufficient factual detail to allow the court to reasonably infer that each defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  Here, as pled, the FAC alleges no facts of wrongdoing by any John or Jane Doe, let alone any information from which one could later discern the identity of any of the unnamed individuals.  "Plaintiff may not sue Doe [D]efendants collectively based on speculative beliefs as to whether they exist, or hypothetical allegations of what they may have done that violated Plaintiff's constitutional rights." *Hernandez v. Gonzalez*, 2010 WL 4917160, at *2 (E.D. Cal. Nov. 24, 2010).  Thus, the

FAC fails to state any claim against either John or Jane Doe.

### B. First Amendment

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. "The First Amendment prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech." *Nieves v. Bartlett*, 587 U.S. 391, 139 (2019) (citing *Hartman v. Moore*, 547 U.S. 250, 256 (2006)); *Crawford-El v. Britton*, 523 U.S. 574, 592 (1998). "[T]he law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out. *Hartman*, 547 U.S. at 256.

The FAC contains one averment in support of Plaintiff's First Amendment free exercise claim: on November 2, 2023, Sergeant Rogers contacted Sergeant Matyshock after state court judges raised concerns about statements Plaintiff made on his podcast that precipitated the "campaign of harassment" against Plaintiff. (Doc. 20 at 5). This single statement is a "naked assertion devoid of further factual enhancement" and is insufficient to state any claim against either Defendant Rogers or Matyshock, let alone a First Amendment claim against either Defendant. *Iqbal*, 556 U.S. at 678. Notably, Plaintiff does not state what statements he made on his podcast that he claims are protected under the First Amendment. Additionally, to the extent Plaintiff attempts to infer that his First Amendment rights were infringed by the "campaign of harassment" that included showing up at his court hearings and telephoning him in connection with an investigation into allegations of child abuse, the issuance of adverse custody and child support orders, issuance of a restraining order, or his eventual arrest, none of these averments identify which particular defendant is accused of the wrongdoing. "Permitting parties to file pleadings that do not tie factual averments against specific parties to individual causes of action infringes Rule 8." *Gibson*, 165 F.4th at 1290.

Further, to the extent Plaintiff attempts to connect his comments regarding "corruption" in

10

Tuolumne County with his January 1, 2025, arrest, these allegations are also insufficient to state a claim. Plaintiff does not allege any facts to link his speaking about corruption in Tuolumne County with his arrest. Furthermore, without factual allegations showing the absence of probable cause for his arrest and/or prosecution, Plaintiff has failed to state an actionable violation of the First Amendment. *See Hartman v. Moore*, 547 U.S. at 252.

Here, the Court cannot infer a First Amendment deprivation by any Defendant from the sparse and vague allegations in the FAC. The Ninth Circuit has unequivocally instructed that "[i]t is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson*, 165 F.4th at 1289. As a result, the

### C. Monell

Municipal "[l]iability may attach . . . only where the municipality itself causes the constitutional violation through 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Ulrich v. City and Cnty. of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002) (*quoting Monell*, 436 U.S. at 694). Here, the FAC contains no factual allegations of an official custom or policy which caused a violation of his constitutional rights. Thus, the FAC fails to state a plausible claim against the California Highway Patrol, Tuolumne Sheriff's Office, and Tuolumne District Attorney's Office.

### D. Right to Speedy Trial

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. This right is applicable to state prosecutions through the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967). To determine whether a defendant's speedy trial rights have been violated, courts apply the four-factor balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), which considers: (1) length of the delay, (2) reason for the delay, (3) defendant's assertion of the right, and (4) prejudice to the defendant.

Plaintiff claims that he is confined in violation of his rights to a speedy trial and/or his due

11

process rights, may only be properly raised in a § 2241 habeas petition and is not cognizable in this § 1983 action. *Perron v. Walker*, No. 321CV05572BJRJRC, 2021 WL 4060418, at *2 (W.D. Wash. Sept. 7, 2021). Alternatively, "claims such as speedy trial and ineffective assistance of counsel, if cognizable as constitutional claims, are more appropriately raised in his pending criminal case, on direct appeal should he be convicted, or in state post-conviction relief proceedings. *Robinson v. Att'y Gen.*, No. 3:23-CV-00172-JMK, 2023 WL 6541804, at *3 (D. Alaska Oct. 6, 2023). Additionally, as explained below, federal courts abstain from granting injunctive relief in ongoing criminal prosecution, absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 45–46 (1971). The FAC alleges no such circumstances. Plaintiff does not allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Thus, Plaintiff's speedy trial claim fails to state a claim upon which relief can be granted in this action.

### E. Right to Bail

The Eighth Amendment forbids "[e]xcessive bail." U.S. Const. amend. VIII. However, it does not guarantee a right to bail. *See id.*; *United States v. Salerno*, 481 U.S. 739, 752 (1987); *Carlson v. Landon*, 342 U.S. 524 (1952) (holding that the Eighth Amendment does not provide for an absolute "right to bail."). Similar to a speedy trial claim, a pretrial detainee plaintiff challenging a bail determination, must bring his claim via a § 2241 habeas corpus petition, not via a § 1983 civil rights complaint. *Stack v. Boyle*, 342 U.S. 1, 6-7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018). Thus, the FAC fails to state a claim based on excessive bail.

### 3. *Younger* Abstention and *Rooker-Feldman* Doctrine

Plaintiff asks the court to enter "a preliminary injunction of all criminal charges" and order his release from pretrial detention. Federal courts may not interfere with Plaintiff's pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971). "*Younger* principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is

12

not barred from litigating his federal constitutional issues in that proceeding." *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004). Further, such irreparable injury must be "both great and immediate." *Id.* (quoting *Fenner v. Boykin*, 271 U.S. 240, 243-44 (1926)). Essentially, the *Younger* doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir.) (quoting *Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972)), *cert. denied*, 449 U.S. 1014 (1980). Here, Plaintiff fails to adequately allege facts from which the court can infer that his on-going prosecution was brought in bad faith, for harassment, or under an unconstitutional statute.

Alternatively, the *Rooker-Feldman* doctrine prohibits the district court from reviewing the state court's custody and child support orders, and restraining orders. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In determining whether the *Rooker-Feldman* doctrine applies, the court assesses whether "claims raised in the federal action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). If the answer is "yes," then "the federal complaint must be dismissed for lack of subject matter jurisdiction." *Id*. The courts have repeatedly found jurisdiction lacking where "domestic relations problems" are indirectly involved in the determinative issues of the case before the court. *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986), *aff'd*, 484 U.S. 174 (1988) ("Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters."); *Moore v. County of Butte*, 547 Fed. App'x. 826, 829 (9th Cir. 2013) (finding plaintiff's claims challenging the outcome of custody proceedings were properly dismissed).

While Plaintiff is not directly challenging his state court child custody case, and the related orders, his claims allege that the state court proceedings regarding his custody rights and child support payments are part of the pattern of harassment undertaken by various officials.

13

Courts in this district have held that federal claims arising from dissatisfaction with custody proceedings, including allegations of false affidavits or judicial interference, belong in the state courts. *See Chima v. Perkins*, 2025 WL 3182071, at *4; *Coats v. Woods*, 819 F.2d 236, 237 ("If the constitutional claims . . . have independent merit, the state courts are competent to hear them."). Because California provides adequate procedures to challenge the legality of such proceedings, this Court lacks jurisdiction over Plaintiff's claims and may abstain from hearing his claims on this basis alone.

CONCLUSION AND RECOMMENDATION

Based on the above, the undersigned finds Plaintiff's First Amended Complaint fails to state any cognizable claim. The First Amended Complaint suffers from many of the same pleading deficiencies that the undersigned identified and explained to Plaintiff in screening his original Complaint. Plaintiff reasserted many of the same claims that were asserted in his Complaint, including his claims against state court judges, prosecutors, and his speedy trial claims. Despite being provided with guidance and the appropriate legal standards, Plaintiff was unable to cure the deficiencies identified above. A plaintiff's repeated failure to cure a complaint's deficiencies constitutes "a strong indication that the [plaintiff has] no additional facts to plead." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, Plaintiff advanced some of these same claims in his other federal action that was dismissed. *See* Case No. 1:24-cv-00592-KES-BAM. Further, given that immunities apply to claims against judges and prosecutors and claims asserting violations of speedy trial and bail are not cognizable in a § 1983 action, the undersigned finds any amendment would be futile. Thus, the undersigned recommends that the district court dismiss the FAC without further leave to amend.

ACCORDINGLY, it is **RECOMMENDED**:

The First Amended Complaint (Doc. 20) be dismissed under § 1915A for failure to state a claim without further leave to amend and the Clerk be directed to close this case.

**NOTICE TO PARTIES**

These Findings and Recommendations are submitted to the United States District Judge

14

assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. ***Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.***

Dated:     March 2, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE